IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WENDELL DALE WILLIAMS                                                                    PLAINTIFF

v.                                              4:25-cv-00348-DPM-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration,                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Wendell Dale Williams, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Mr. Williams could perform his past relevant work despite his impairments.  (Tr. 16-29.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff was fifty-six years old at the time of the administrative hearing. (Tr. 39.)  He earned a general educational development diploma, (*Id.*), and has past relevant work as a short order cook and fast-food cook.  (Tr. 28.)

The ALJ[1] first found Mr. Willliams had not engaged in substantial gainful activity since his alleged onset date of October 1, 2018, through his date of last insured of June 30, ,2023.  (Tr. 19.)   He has "severe" impairments in the form of "degenerative joint disease of the toes;

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

osteoarthritis of the left knee; spine disorder; major depressive disorder, moderate; anxiety disorder." (*Id.*)  The ALJ further found Mr. Williams did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 20-23.)

The ALJ determined Mr. Williams had the residual functional capacity (RFC) to perform a reduced range of light work.  (Tr. 23.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 46-51.)  Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform his past work of short order cook and fast-food cook - despite his limitations.  (Tr. 28-29.)  Accordingly, the ALJ determined Mr. Williams was not disabled.  (Tr. 29.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ's mental RFC assessment is inconsistent with his finding that he suffers from a moderate limitation in his ability to concentrate, persist, or maintain pace.  (Doc. No. 9 at 9-11.)  Relying on *Chismarich v. Berryhill,* 888 F.3d 978 (8th Cir. 2018), Plaintiff says, "The ALJ's mental RFC provides that Plaintiff is 'able to perform work, which requires an ability to apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations.' Tr. 23. That is not 'simple' work, and it fails to address pacing limitations at all." (*Id.* at 10.)

The Commissioner responds, "Plaintiff suggests an inconsistency between the ALJ's

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

finding of a moderate limitation in his ability to concentrate, persist, or maintain pace at steps two and three and the RFC restriction to work that 'requires an ability to apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations' (citation omitted).  This argument is both legally and factually unsound." (Doc. No. 12 at 4.)

After carefully considering both the argument and the response, I agree with the Commissioner.  The ALJ, in pertinent part, found Plaintiff had the mental RFC "to perform work, which requires an ability to apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form and deal with problems involving several concrete variables in or from standardized situations." (Tr. 23.)  Earlier in his decision, at Step 3, when determining if Plaintiff had a Listed impairment, the ALJ concluded:

> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. This area of mental functioning refers to the abilities to focus attention on work activities and stay on task at a sustained rate. The claimant's medical sources have not documented any objective abnormalities in the claimant's ability to attend or concentrate. The claimant was able to focus and concentration with medication (Exhibit 12F/9). He reported no attentive problems (Exhibit 5F/6). The claimant was attentive to evaluation and able to perform serial sevens or spell "world" forward and backward (Exhibit 5F/32). Therefore, the undersigned finds that the record shows the claimant would have moderate limitations in the ability to initiate and perform a task that the claimant can understand and know how to do, work at an appropriate and consistent pace, complete tasks in a timely manner, ignore or avoid distractions while working, change activities or work settings without being disruptive, work close to or with others without interrupting or distracting them, sustain an ordinary routine and regular attendance at work, and work a full day without needing more than the allotted number or length of rest periods during the day.

(Tr. 22.)

As the Commissioner argues, Plaintiff's reliance on *Chismarich* is misplaced.  Because as the Court in *Chismarich* held, "As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of

4

review precludes us from labeling findings as inconsistent if they can be harmonized. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ('Each step in the disability determination entails a separate analysis and legal standard.')" *Chismarich* 888 F.3d at 980.

Here, the important question is whether Mr. Williams has the mental capability of performing the jobs of short order cook and fast-food cook. The Dictionary of Occupational Titles (DOT) describes the job of short order cook as follows:

> Prepares food and serves restaurant patrons at counters or tables: Takes order from customer and cooks foods requiring short preparation time, according to customer requirements. Completes order from steamtable and serves customer at table or counter. Accepts payment and makes change or writes charge slip. Carves meats, makes sandwiches, and brews coffee. May clean food preparation equipment and work area. May clean counter or tables.

(*DOT* 723.687-010).

The DOT assigns a Specific Vocational Preparation ("SVP") Level Three to this job. Level Three is defined as "Over 1 month up to and including 3 months." Additionally, the DOT has six Reasoning Levels, and the level assigned to the job of short order cook is Level Three. Level Three requires an employee to: "Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles Appendix; Components of the Definitional Trailer.

Based on a close review of the record in this case, I find substantial evidence supports the ALJ's finding that Plaintiff had the mental ability to perform the job of short order cook. The same would be true for fast-food cook. While a fast-food cook has an SVP of Five, it is a job that Mr. Williams has performed in the past. Additionally, fast-food cook has the same reasoning level as short order cook – a Level Three.

As the ALJ noted in his opinion, Plaintiff has been diagnosed with depressive and anxiety

disorders. (Tr. 26.) While these diagnoses are serious, treatment notes generally revealed Plaintiff was well groomed, his speech was normal, and he was alert. (Tr. 391-411, 418-426.) His treatment provider also reported nothing disabling when performing a mental status examination. (Tr. 493, 503, 507, 511, 514, 518.) And as the ALJ concluded, "He continued to report improved, stable depression and anxiety with normal mental status exams through early 2023." (Tr. 26.) Here, the ALJ properly focused on Plaintiff's ability to function rather than focusing on his diagnoses. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). I find no error here.

Plaintiff also argues that the evaluation by Sharon Benson, R.N.P. and Plaintiff's statements establish greater RFC limitations than found by the ALJ, and given these limitations, he is unable to perform his past work. (Doc. No. 9 at 13-21.) Plaintiff says, "It cannot be reasonably disputed that this evidence establishes far greater and more detailed limitations than the ALJ's RFC finding and meets Plaintiff's burden of proof to come forward with evidence proving that he is "disabled." (*Id.* at 13.)

About Ms. Benson's opinion, the ALJ concluded:

> Sharon Benson, RNP, CSR-APRN, opined the claimant was limited to standing less than three hours in an eight-hour day (Exhibit 10F/2). The undersigned does not find this opinion persuasive. The opinion is not supported by the chronically [*sic*] on medication for pain but without surgical intervention recommended for the back (Exhibits 3F/35; 10F/3). It is not supported by the improvement with foot surgery (Exhibit 10F/4). The opinion is not supported by tenderness upon exam of the left knee with 120 degree flexion but otherwise normal exam with 5/5 motor strength throughout (Exhibit 7F/11). The opinion is not consistent with the full range of motion of the ankle/hindfoot with intact sensation and stable ankle and hindfoot joints (Exhibit 4F/9). This opinion is not consistent with any of the other opinions herein that limit the claimant either to no limitations or light to medium work (Exhibits 3A; 2F; 8F).

(Tr. 28.)

I have carefully reviewed Ms. Benson's report. (Tr. 605-608.) She has provided a summary of the objective medical evidence, but it is not clear as to how she reached her conclusion that Plaintiff is limited to standing less than three hours in an eight-hour day. (Tr. 605.) The report states, "The diagnostic studies and exam findings are consistent with Mr. William's subjective complaints and are consistent with and support my opinion that the claimant be limited to standing less than three hours in an eight hour day." (Tr. 608.) But Ms. Benson's summary of the evidence clearly paints Plaintiff in the worst possible light. For example, Ms. Benson's report identifies an office visit from July 3, 2023. (Tr. 607.) She states, "Subjective: R foot pain. Walking w/assistance of cane." (*Id.*) But the actual treatment notes state, "He reports improvement but since his last visit but he is still having pain." (Tr. 568.) Ms. Benson's report also states, "Objective: Shoe wearing w/ assistance of cane. Obvious 2nd toe plantar plate tear L." (Tr. 608.) Yet the objective examination stated Plaintiff's gait was "normal shoewear w/assistance of cane." (Tr. 570.) There was no swelling, he was nontender, had full range of motion in his ankle, his ankle and hindfoot joints were stable, and his hindfoot was aligned within normal limits, but had an obvious second toe plantar plate tear. (*Id.*) And Ms. Benson's report fails to include that James L. Head, M.D., placed no restrictions on Plaintiff and stated, "I recommend he continue to progress with normal activities as tolerated." (Tr. 570.) Accordingly, the ALJ could correctly reject Ms. Benson's opinions.

Regarding Plaintiff's subjective allegations, given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here. *Igo v. Colvin*, 839 F.3d 724, 731 (8th Cir. 2016).

Plaintiff clearly suffers from some degree of limitation and has some serious issues. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

8

case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 20th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE